## PUGH & BEAVERS GROCERY CO. v. INTERNATIONAL SHOE CO. (ROBERTS, JOHNSON & RAND BRANCH).

### In re ELLIOTT.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1923.)

No. 2076.

Bankruptcy ⬦455—Order reinstating petition in bankruptcy after dismissal is not appealable.

An order reinstating involuntary proceedings in bankruptcy after they had been once dismissed by consent of the parties is not final, and no appeal will lie therefrom.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Elkins, in Bankruptcy; Alston G. Dayton and Henry H. Watkins, Judges.

Petition by the International Shoe Company (Roberts, Johnson & Rand Branch) to reinstate bankruptcy proceedings against C. M. Elliott, trading as C. M. Elliott & Co., which had been dismissed by consent of the original petitioning creditors. From an order reinstating the proceedings, Pugh & Beavers Grocery Company, who had recovered a judgment against the alleged bankrupt, appeal. Appeal dismissed.

J. Blackburn Ware, of Belington, W. Va., for appellant.

C. M. Murphy, of Philippi, W. Va., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The appellant, the Pugh & Beavers Grocery Company, had about September, 1919, obtained a judgment for upwards of $2,200 against one Elliott, and under execution thereon his property had been advertised for sale on the 24th of November of that year. On that day, three other creditors of Elliott filed a petition to have him adjudicated a bankrupt. On the 9th of December he moved that the petition be dismissed, and on the 20th of December, by their consent, it was dismissed. The bankrupt, however, paid the costs and a fee of $75 to their attorney, C. M. Murphy. Statutory notice was not given to the other creditors of the motion to dismiss or of the dismissal. On the 16th of February, 1920, the International Shoe Company of St. Louis, to whom the bankrupt was indebted in a sum exceeding $2,700, filed a petition to reinstate the bankruptcy proceedings, on the ground that no notice of dismissal had been given, and that in point of fact the petitioner had neither notice nor knowledge that a dismissal was contemplated. The same Mr. Murphy who had been attorney for the original petition and creditors, and had, when their petition was dismissed, received a fee from the alleged bankrupt, not only filed petition for reinstatement, but personally made oath to the allegations therein contained. On March 29, 1921, Judge Watkins, then holding, by special assignment, the District Court for the North-

ern District of West Virginia, entered an order reinstating the petition, and it is from such order that this appeal has been taken.

It is clear that it must be dismissed. The order appealed from is in no sense final. All that it did was to reinstate the petition for hearing upon its merits at some subsequent date. If, as a result of such hearing, the bankrupt shall be adjudicated, or the petition to adjudicate him shall be finally dismissed, an appeal can be taken. If the former order shall be made, doubtless the present appellant may, if it sees fit, bring to the attention of this court any error in the order of reinstatement, if any reviewable error there was. We may be pardoned for suggesting that, if the case shall come here again, it is to be hoped that some facts now obscure will be cleared up, as, for example, when the claim of the International Shoe Company was first placed in Mr. Murphy's hands, and if it was in his hands before he consented to the dismissal of the original petition and received a fee from the bankrupt in connection therewith, how it came about that he did not notify his client, the International Shoe Company, whose claim according to the record was almost three times as great as the aggregate indebtedness to the three original creditors. Such disclosures might throw light upon a situation which is now unpleasantly obscure. We do not mean to intimate that the mere fact that Mr. Murphy may have had the claim of the International Shoe Company in his hands at the time he consented to the dismissal of the original petition would necessarily estop that company from demanding its reinstatement. Such result could not follow, unless he was then in good faith and by its authority seeking to protect its interests.

Appeal dismissed.